Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCIO GARCIA, an individual, and EDWARD R. GARCIA, JR., an individual,<br><br>             Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF SAM CHANDRA, APC, a professional corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: '15CV1690 JLS  RBB<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.  This is an action for damages brought by individual consumers against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff ROCIO GARCIA is a natural person residing in the state of California, County of San Diego.

4. Plaintiff EDWARD R. GARCIA, JR. is a natural person residing in the state of California, County of San Diego.

5. Defendant LAW OFFICES OF SAM CHANDRA, APC ("Defendant") at all times relevant was a professional corporation in the business of collecting debts in San Diego County, California operating from an address at 710 S. Myrtle Ave. #600, Monrovia, CA 91016.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names.  Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs.  Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV.  FACTUAL ALLEGATIONS

10. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

11. On or around November 12, 2013, Plaintiffs entered into a stipulation with Pacifica Kenora Terrace, LP (the "Stipulation").

12. In the Stipulation, Plaintiffs agreed to pay a $4,000 judgment inclusive of all costs and attorney's fees.  Plaintiffs were to tender $1,000 on or before November 15, 2013 and make $100 monthly payments beginning on December 2, 2013 and each month thereafter until the balance was paid in full.

13. Plaintiffs tendered the $1,000 payment on or before November 15, 2013 and began making monthly payments.

14. Defendant failed to credit numerous payments made by Plaintiffs.

15. On or around October 24, 2014, Defendant sent Plaintiffs a letter stating the total amount due for the Debt was $3,775.09.

16. Despite Plaintiffs having paid the initial payment and subsequent monthly payments, Defendant's letter stated an inaccurate amount due.

17. After discovering the erroneous amount in the letter, Plaintiff contacted Defendant to inquire why the inaccurate balance was being demanded in the letter.

18. Defendant also falsely stated that a money judgment had been entered against the Plaintiffs when in fact there never was a judgment entered against them.

19. Defendant falsely stated that the balance remains at $3,000 and does not come down.

20. Defendant demanded interest that it was not permitted to collect.

21. Defendants engaged in a pattern of demanding from Plaintiffs amounts in excess

1  of what was actually owed.

2      22.    As a result of the acts alleged above, Plaintiffs suffered emotional distress.

## V.  FIRST CAUSE OF ACTION

### (Against all Defendants for Violation of the FDCPA)

23.    Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

24.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (b)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount, or legal status of the alleged debt;

    (c)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (d)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (e)    The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

25.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//
//
//

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

    (a)   Actual damages;

    (b)   Statutory damages pursuant to 15 U.S.C. §1692k;

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    (d)   For such other and further relief as the Court may deem just and proper.

Date:  July 30, 2015

                                       _____s/ Jeremy S. Golden_____
                                       Jeremy S. Golden,
                                       Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date:  July 30, 2015

                                       _____s/ Jeremy S. Golden_____
                                       Jeremy S. Golden,
                                       Attorney for Plaintiffs